## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* CALLAHAN.

One of the instructions excepted to was erroneous because there was no evidence to authorize it, and the error was of such a material character as to require the grant of a new trial.

FEBRUARY 15, 1912.

Action for damages.  Before Judge Morris.  Cherokee superior court.  October 4, 1910.

*D. W. Blair, Tye, Peeples & Jordan,* and *E. W. Coleman,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman* and *Leon C. Greer,* contra.

FISH, C. J.  Grady Callahan, a minor, by his next friend, brought an action for damages against the Louisville & Nashville Railroad Company.  His grandmother, Mrs. Spence, also brought a similar suit against the same company.  The acts of negligence on the part of the defendant's conductor and his abusive language to the plaintiffs while passengers on the defendant's train, as set forth in the respective petitions, were substantially the same, except that in the petition of young Callahan he alleged that upon the same occasion he received certain physical injuries by reason of a tort committed upon him by the conductor.  As the two cases involved the same transaction, they were by consent tried together under the same evidence, and a separate verdict was rendered in each in favor of the respective plaintiffs.  The defendant moved for a new trial in each case, which being refused, it excepted.  We are now dealing only with Callahan's case.  In one of the grounds of the motion for a new trial in his case complaint is made that the court instructed the jury that "the same rule as to damages applies in this case as in the other," referring to the Spence case; and that in her case the court charged the jury, in effect, that she would be entitled to recover damages if the conductor of the de-

fendant company used the language which she attributed to him, if it tended to subject her to humiliation and mortification. There was no evidence in the case we are now considering tending to show that the conductor used any improper or abusive language whatever to young Callahan, who was then only seven years of age, but that all the conductor said upon that occasion was addressed to Mrs. Spence. Indeed young Callahan testified that he did not hear any abusive language used by the conductor to Mrs. Spence. It follows, therefore, that the plaintiff in this case was not entitled to recover any damages for humiliation and mortification caused by any language addressed to him by the conductor; for, as we have stated, none such was used. The instruction complained of was manifestly erroneous for the reason just stated, and was evidently calculated to increase the amount which the jury might find in favor of the plaintiff. The amount of the verdict in this case was $300, and the only injuries young Callahan received, according to the evidence, were, that the defendant's conductor somewhat roughly took him by the arm or hand or both, and led him to the ground, from the platform of the car where he was standing, or placed him upon the ground, and in being so taken from the platform down the steps from the car the plaintiff's foot or ankle struck the handrailing or steps or some other portion of the car and caused him pain, which, according to the plaintiff's own testimony, he suffered for only a few minutes; and that he was forced to remain in the cold from five to seven minutes while his grandmother, Mrs. Spence, was procuring a ticket for him, which the agent of the company had at first refused to sell her; and further that the plaintiff was required to enter the train from the platform of the negro coach, or, as this plaintiff testified, the smoker, and to pass through that coach in order to reach the first-class coach or the one for white passengers. In view of the amount of the verdict, we think it apparent that the instruction complained of was harmful to the defendant. Accordingly, the judgment of the trial court is reversed on account of such erroneous instruction.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*